UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON, | No. 2:17-cv-1033 KJN P |
| Plaintiff, | |
| v. | ORDER |
| STAINER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Court records indicate that plaintiff has been deemed a "Three Strikes" inmate under 28 U.S.C. § 1915(g). See Hendon v. Kulka, No. 2:14-cv-2581 AC P (order identifying plaintiff as three-strikes litigant on August 3, 2015).[1] The court takes judicial notice of the three cases identified therein as § 1915(g) strikes, all of which were dismissed for failure to state a claim. All were dismissed long before the filing of the instant action and constitute strikes under § 1915(g).

---

[1] See also Hendon v. Baroya, No. 1:09-cv-0911 MJS P (E.D. Cal.) (order denying leave to proceed in forma pauperis filed on July 29, 2010); Hendon v. Kulka, No. 2:14-cv-1171 KJN P (E.D. Cal.) (order denying leave to proceed in forma pauperis on June 9, 2014).

1

Accordingly, plaintiff is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his complaint, plaintiff challenges the regulations, policies, and procedures that allow prison medical staff to forcibly medicate plaintiff. Plaintiff claims doctors force plaintiff to consume medications without providing him with notice and a pre-medication hearing, and that under these procedures, doctors decide that medication is medically necessary and start the medication, with the hearing scheduled to be held within ten days. Plaintiff claims he is subject to imminent danger because prison doctors continue to force him to consume medications, "based on an invalid initial order authorizing involuntary medication," which causes him to suffer various side effects, and places him at risk of future injury. (ECF No. 1 at 4.)

Plaintiff's allegations fail to demonstrate that he is under imminent danger of serious physical injury. Plaintiff concedes he is provided a hearing concerning the medication, albeit after a ten day delay, and that there was a court order authorizing the medication, although he contends such order is "invalid." Therefore, plaintiff is able to challenge the involuntary medication order at the hearing as well as in the court proceeding in which the order authorizing the involuntary medication was issued. Plaintiff's allegations do not show that plaintiff was in imminent danger of serious physical injury when he commenced this action. Thus, plaintiff must submit the appropriate filing fee in order to proceed with this action.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: May 25, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hend1033.1915g